IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANTELMO GONZALEZ PEREZ,              )
CARLOS ANTONIO CANESA ZUMBA,         )
NERY GUZMAN LUCAS,                   )
                                     )
          Petitioners,               )          1:26-cv-295 (LMB/WBP)
                                     )
     v.                              )
                                     )
KRISTI NOEM, et al.,                 )
                                     )
          Respondents.

ORDER

Petitioners Antelmo Gonzalez Perez ("Gonzalez Perez"), a native and citizen of Mexico;

Carlos Antonio Canesa Zumba ("Canesa Zumba"), a native and citizen of El Salvador, and Nery

Guzman Lucas ("Guzman Lucas"), a native and citizen of Guatemala (collectively "petitioners"),

have filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241,

in which they assert that they have been illegally detained by the U.S. Department of Homeland

Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency. Specifically, they

allege that their characterization by DHS as "applicant[s] for admission" pursuant to 8 U.S.C.

§ 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the

8 U.S.C. § 1226(a) (Count I) and their due process rights (Count II).

Gonzalez Perez and Guzman Lucas are currently detained at the Farmville Detention

Center, which is within this Court's jurisdiction and the basis upon which they are suing Jeffrey

Crawford, the warden of the Farmville Detention Center. Canesa Zumba is currently detained at

the Caroline Detention Center, which is also within this Court's jurisdiction and the basis upon

which he is suing Paul Perry, the warden of the Caroline Detention Facility. Petitioners have also

sued Robert Guadian, the Director of the Washington ICE Field Office; Kristi Noem, the DHS

Secretary; Todd Lyons, the Acting Director of ICE; and Pamela Bondi, the Attorney General

(collectively, "the federal respondents").  For the reasons discussed in this Order, the Court finds

that petitioners are detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, their Petition will be

granted as to Count II, and respondents will be ordered to release them from custody and provide

them with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to the Petition, Gonzalez Perez has resided in the United States since 2000.

[Dkt. No. 1] at ¶ 38. He entered the United States when he was fifteen years old, and for "over

twenty-five years, he has established deep roots in the Maryland and Virginia area[.]" Id. at ¶ 39.

Gonzalez Perez "successfully owns and runs his family restaurant[,]" and lives with his wife and

their young daughter, who is a United States citizen. Id. He also serves as the primary caregiver

for his mother-in-law, a Lawful Permanent Resident. Id. In April 2025, Gonzalez Perez filed a

Form I-589, Application for Asylum and Withholding of Removal with U.S. Citizenship and

Immigration Services (USCIS). Id. at ¶ 40. His application was subsequently referred to an

Immigration Court. Id. On November 18, 2025, Gonzalez Perez was driving to work when ICE

officers stopped his vehicle and took him into custody. Id. He is in pending removal proceedings,

and has a Master Calendar Hearing scheduled for February 10, 2026. Id. at ¶ 42.

According to the Petition, Canesa Zumba has resided in the United States since 1997. Id.

at ¶ 45. Since entering the United States, he has "established deep and long-standing ties to the

community, residing in Maryland for over a decade before relocating to Virginia Beach,

---

[1] Because the Court is granting relief on due process grounds, it need not address petitioners'
arguments based on 8 U.S.C. § 1226(a).

2

Virginia, around 2011." Id. at ¶ 46. Canesa Zumba lives with his partner and their two U.S. citizen children; in particular, his nine-year-old son "suffers from severe behavioral disorders and depression[,]" which have been exacerbated by his father's sudden absence. Id. at ¶ 50. He is the household's "sole financial provider[,]" and has "maintained stable employment and filed taxes since 2001." Id. at ¶¶ 46, 50. On January 17, 2026, while Canesa Zumba was on his way to the bank, he was arrested by ICE officers in Virginia Beach and transported to the Caroline Detention Center, where he currently remains. Id. at ¶ 47. Canesa Zumba is in pending removal proceedings, and had a Master Calendar Hearing scheduled for February 2, 2026. Id. at ¶ 49.

According to the Petition, Guzman Lucas has resided in the United States since 2006. Id. at ¶ 52. During the past two decades, he has "established deep ties to his community in Virginia[,]" living with his partner and her two children. Id. at ¶¶ 52, 57. Guzman Lucas has "accrued no criminal history." Id. at ¶ 53. On January 6, 2026, Guzman Lucas was arrested by ICE agents at a 7-Eleven in Baltimore, Maryland; he was taken into custody at the Farmville Detention Center. Id. at ¶¶ 54-55. Following his detention, Guzman Lucas sought a custody redetermination hearing before the Immigration Court; however, his request for bond was denied on January 28, 2026 for lack of jurisdiction. Id. at ¶ 54.

Petitioners filed their Petition for Writ of Habeas Corpus on January 30, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that they not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents

3

filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in <u>Ceba Cinta</u>" and requesting that this Court "incorporate the filings in <u>Ceba Cinta</u> into the record of this habeas action." [Dkt. No. 3] at 1. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in petitioners' Petition is whether they are subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their <u>Ceba Cinta</u> opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." <u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. <u>Id.</u> Therefore, they argue that because petitioners have not been admitted "as a legal matter" into the United States, they are inadmissible under 8 U.S.C. § 1182(a), considered to be applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). <u>Id.</u>

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[2] is contrary to

---

[2] <u>See, e.g.</u>, <u>Gomes v. Hyde</u>, 2025 WL 1869299 (D. Mass. July 7, 2025); <u>Martinez v. Hyde</u>, 2025 WL 2084238 (D. Mass. July 24, 2025); <u>Lopez Benitez v. Francis</u>, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); <u>Maldonado v. Olson</u>, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); <u>Arrazola-</u>

4

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and adopts the findings and conclusions in Hasan into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner almost always has been granted bond.[3]

---

Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

[3] See Vargas Nunez v. Lyons, et al., 1:25-cv-1574, Dkt. No. 12 (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583, Dkt. No. 10 (same); Perez Bibiano v. Lyons, et al., 1:25-cv-1590, Dkt. No. 10 (same); Guerra Leon v. Noem, et al., 1:25-cv-1634, Dkt. No. 14 (same); Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (same); Hernandez Contreras v. Lyons, et al., 1:25-cv-2053, Dkt. No. 8 (same); Egoavil-Rojas v. Noem, et al., 1:25-cv-2113, Dkt. No. 10 (same); Reyes Alvarez v. Crawford, et al., 1:25-cv-2148, Dkt. No. 8 (same); Maya Torres v. Crawford, et al., 1:25-cv-1891, Dkt. No. 12 (same); Salinas Hernandez v. Bondi, et al., 1:25-cv-2356, Dkt. No. 7 (same); Chaver Molina v. Bondi, et al., 1:25-cv-2395, Dkt. No. 7 (same); Gomez Alonzo v. Simon, et al., 1:25-cv-1587, Dkt. No. 20

Petitioners have been present in the United States for over two decades. [Dkt. No. 1] at ¶¶ 38, 45, 52. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), petitioners' detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, they are entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether they pose a danger to the community, and whether they are a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, petitioners' continued detention is unlawful.

## III.

For all these reasons, petitioners' Petition, [Dkt. No. 1], is GRANTED, and it is hereby ORDERED that petitioners be promptly released from custody, with all their personal property, pending their bond hearing before an Immigration Judge. Petitioners must live at a fixed address which they must provide to the federal respondents[4]; and it is further

---

($1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816, Dkt. No. 16 ($5,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 13 ($1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872, Dkt. No. 16 ($8,000 bond); Mata v. Bondi, et al., 1:25-cv-2089, Dkt. No. 9 ($5,000 bond); Nina Cayllahua v. Lyons, et al., 1:25-cv-2096, Dkt. No. 7 ($5,000 bond); Perez Amaya v. Lyons, et al., 1:25-cv-2051, Dkt. No. 10 ($1,500 bond); Hernandez Marquez v. Lyons, et al., 1:25-cv-2056, Dkt. No. 13 ($3,000 bond); Castro Merida v. Noem, et al., 1:25-cv-2261, Dkt. No. 13 ($1,500 bond); Chavez Garay v. Perry, et al., 1:25-cv-2215, Dkt. No. 9 ($5,000 bond); Garcia Claros v. Lyons, et al., 1:25-cv-2275, Dkt. No. 8 ($5,000 bond); Leon Utrera v. Simon, et al., 1:25-cv-2273, Dkt. No. 7 ($5,000 bond); Damian v. Lyons, et al., 1:25-cv-2318, Dkt. No. 7 ($3,000 bond); Chicas Tejada v. Lyons, et al., 1:25-cv-2109, Dkt. No. 9 ($25,000 bond); Mendoza Gonzalez v. Simon, et al., 1:25-cv-2260, Dkt. No. 8 ($4,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929, Dkt. No. 12 (bond denied); Martinez Villanueva v. Crawford, et al., 1:25-cv-2175, Dkt. No. 7 (same); Osorio Romero v. Noem, et al., 1:25-cv-2159, Dkt. No. 10 (same); Catalan Luna v. Noem, et al., 1:25-cv-2355, Dkt. No. 8 (same); Najarro Ramos v. Lyons, et al., 1:25-cv-2378, Dkt. No. 7 (same).

[4] If petitioners opt to file a pleading in this civil action notifying the federal respondents of their fixed address, petitioners should file that pleading under seal.

ORDERED that respondents provide petitioners with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if petitioners are granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether petitioners have been granted bond, and, if their request for bond were denied, the reasons for that denial.

The Clerk is directed to enter judgment in petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 5 day of February, 2026.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.